O

1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11  JOSE ALFREDO OCHOA MORANDO,        ) NO. CV 10-6383-MMM (MAN)
                                       )
12               Petitioner,           )
                                       )
13      v.                             ) ORDER:  DISMISSING PETITION
                                       ) AS SECOND OR SUCCESSIVE; AND
14  JOHN F. SALAZAR,                   ) DENYING A CERTIFICATE OF
                                       ) APPEALABILITY
15               Respondent.           )
    _____)
16

17      Petitioner, a California state prisoner, filed a habeas petition,

18  pursuant to 28 U.S.C. § 2254, on August 26, 2010 ("Petition").  The

19  Petition is the sixteenth habeas petition Petitioner has filed in this

20  Court stemming from his 1992 state court conviction and sentence.

21

22      Under the Rules Governing Section 2254 Cases in the United States

23  District Courts, a habeas petition filed by a state prisoner must be

24  summarily dismissed "[i]f it plainly appears from the petition and any

25  attached exhibits that the petitioner is not entitled to relief in the

26  district court."  Rule 4, 28 U.S.C. foll. § 2254.  For the reasons set

27  forth below, it plainly appears that the Petition must be dismissed as

28  second or successive pursuant to 28 U.S.C. § 2244(b).

1        On December 12, 1997, Petitioner filed a Section 2254 petition in

2   this District, captioned <u>Jose A. Ochoa v. Steven Cambra, Jr., Warden, et</u>

3   <u>al.</u>, Case No. SACV 98-788-GLT (MAN) (the "First Petition").  The First

4   Petition challenged Petitioner's 1992 criminal conviction and sentence

5   in the Los Angeles County Superior Court (the "1992 Conviction").[1]  On

6   October 19, 1998, judgment was entered dismissing the First Petition,

7   with prejudice, as untimely.  Petitioner did not appeal.

8

9        On April 7, 1999, Petitioner filed a second Section 2254 petition

10  in this District, captioned <u>Jose A. Ochoa v. Vern Smith, Warden, et al.</u>,

11  Case No. CV 99-04479-WDK (MAN).  That petition again challenged the 1992

12  Conviction.  On May 11, 1999, judgment was entered dismissing that

13  petition, pursuant to 28 U.S.C. § 2244(b)(1), as second or successive.

14  Petitioner did not appeal.

15

16       Petitioner then filed a series of habeas petitions in this Court

17  under the name "Jose Alfredo Ochoa Morando."  Each of these habeas

18  petitions sought to challenge his 1992 Conviction:

19

20       (1)  On July 15, 1999, Petitioner filed a third Section 2254

21       petition, captioned <u>Jose Alfredo Ochoa Morando v. Steven Cambra,</u>

22       <u>Jr.</u>, Case No. 99-7270-MMM (SH).  On July 29, 1999, that petition

23

24       [1]   Pursuant to Rule 201 of the Federal Rules of Evidence, the
     Court takes judicial notice of the files for Petitioner's numerous
     actions filed in this District.  The Court notes that, under his 1992
25   Conviction, Petitioner is serving concurrent sentences of life plus four
     years.  His allegations in the Petition that he was sentenced to a much
26   shorter sentence and is entitled to be paroled are belied by the portion
     of the sentencing order appended to the Petition, along with the portion
27   of the transcript of Petitioner's sentencing hearing, which confirm that
     Petitioner received concurrent life sentences plus a principal term of
28   four years.

1    was dismissed without prejudice to its refiling after exhaustion of

2    state remedies.

3

4    (2)   On August 19, 1999, Petitioner filed a fourth Section 2254

5    petition, captioned <u>Jose Alfredo Ochoa Morando v. Steven Cambra,</u>

6    <u>Jr.</u>, Case No. SACV 99-1572-GLT (MAN).   On January 12, 2000, an

7    order and judgment entered dismissing that petition as second or

8    successive.

9

10   (3)   On October 1, 1999, Petitioner filed a fifth Section 2254

11   petition, captioned <u>Jose Alfredo Ochoa Morando v. Steven Cambra,</u>

12   <u>Jr.</u>, Case No. 99-10050-MMM (SH).   On October 8, 1999, an order and

13   judgment entered dismissing that petition and terminating the case.

14

15   (4)   On October 1, 1999, Petitioner filed a sixth Section 2254

16   petition, captioned <u>Jose Alfredo Ochoa Morando v. Steven Cambra,</u>

17   <u>Jr.</u>, Case No. SACV 99-1424-GLT (MAN).   On December 22, 1999, an

18   order and judgment entered dismissing that petition as second or

19   successive.

20

21   (5)   On September 20, 2000, Petitioner filed a seventh Section 2254

22   petition, captioned <u>Jose Alfredo Ochoa Morando v. Rosa Garcia</u>, Case

23   No. SACV 00-00975-GLT (MAN).   On November 3, 2000, an order and

24   judgment entered dismissing that petition as second or successive.

25

26   (6)   On October 10, 2001, Petitioner filed an eighth Section 2254

27   petition, captioned <u>Jose Alfredo Ochoa Morando v. Steven Cambra</u>

28   <u>J.R.</u>, Case No. 01-8723-GLT (MAN).   On November 19, 2001, an order

1  and judgment entered dismissing that petition as second or

2  successive.

3

4  (7)  On October 28, 2002, Petitioner filed a ninth Section 2254

5  petition, captioned <u>Jose Alfredo Ochoa Morando v. Steven Cambra</u>,

6  Case No. 02-6755-GLT (MAN).  On November 18, 2002, an order and

7  judgment entered dismissing that petition as second or successive.

8

9  (8)  On May 2, 2005, Petitioner filed a tenth Section 2254

10  petition, captioned <u>Jose Alfredo Ochoa Morando v. Scott P. Rawers</u>,

11  Case No. 05-3276-JVS (MAN).  On May 9, 2005, an order and judgment

12  entered dismissing that petition as second or successive.

13

14  (9)  On September 27, 2006, Petitioner filed an eleventh Section

15  2254 petition, captioned <u>Jose Alfredo Ochoa Morando v. John F.</u>

16  <u>Salazar</u>, Case No. 06-6162-MMM (MAN).  On October 19, 2006, an order

17  and judgment entered dismissing that petition as second or

18  successive.

19

20  (10)  On September 17, 2007, Petitioner filed a twelfth Section

21  2254 petition, captioned <u>Jose Alfredo Ochoa Morando v. John F.</u>

22  <u>Salazar</u>, Case No. 07-6036-MMM (MAN).  On October 17, 2007, an order

23  and judgment entered dismissing that petition as second or

24  successive.

25

26  (11)  On April 17, 2008, Petitioner filed a thirteenth Section 2254

27  petition, captioned <u>Jose Alfredo Ochoa Morando v. John F. Salazar</u>,

28  Case No. 08-2566-MMM (MAN).  On May 16, 2008, an order and judgment

4

1    entered dismissing that petition as second or successive.

2

3    (12)  On September 5, 2008, Petitioner filed a fourteenth Section

4    2254 petition, captioned <u>Jose Alfredo Ochoa Morando v. John F.</u>

5    <u>Salazar</u>, Case No. 08-5719-MMM (MAN).  On September 11, 2008, an

6    order and judgment entered dismissing that petition as second or

7    successive.

8

9    (13)  On August 5, 2009, Petitioner filed a fifteenth Section 2254

10   petition, captioned <u>Jose Alfredo Ochoa Morando v. John F. Salazar</u>,

11   Case No. 09-5729-MMM (MAN).  On August 21, 2009, an order and

12   judgment entered dismissing that petition as second or successive.

13

14   Petitioner did not appeal the Judgments entered in any of the foregoing

15   13 habeas cases.

16

17   The instant sixteenth Petition also stems from the same 1992

18   Conviction and is substantially duplicative of various of Petitioner's

19   prior petitions.  Although the precise nature of the habeas claims

20   Petitioner seeks to raise is unclear, it is apparent that Petitioner

21   once again seeks to attack the sentence he received as a consequence of

22   his 1992 Conviction.

23

24   State habeas petitioners generally may file only one federal habeas

25   petition challenging a particular state conviction and/or sentence.

26   *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss claim presented

27   in second or successive petition when that claim was presented in a

28   prior petition) and § 2244(b)(2) (with several exceptions discussed

1  *infra*, courts must dismiss a claim presented in a second or successive

2  petition when that claim was not presented in a prior petition).  "A

3  habeas petition is second or successive . . . if it raises claims that

4  were or could have been adjudicated on the merits" in an earlier Section

5  2254 petition.  <u>McNabb v. Yates</u>, 576 F.3d 1028, 1029 (9th Cir. 2009).

6

7      In  those  instances  when  Section  2244(b)  provides  a  basis  for

8  pursuing a second or successive Section 2254 habeas petition (described

9  below), state habeas petitioners seeking relief in this district must

10 <u>first</u> obtain authorization from the United States Court of Appeals for

11 the Ninth Circuit before filing any such second or successive petition.

12 28 U.S.C. § 2244(b)(3).  The Ninth Circuit "may authorize the filing of

13 a  second  or  successive  [petition]  only  if  it  presents  a  claim  not

14 previously raised that satisfies one of the grounds articulated in §

15 2242(b)(2)."  <u>Burton v. Stewart</u>, 549 U.S. 147, 153, 127 S. Ct. 793, 796

16 (2007).

17

18     The  untimeliness  of  the  First  Petition  action  "presents  a

19 'permanent  and  incurable'  bar  to  federal  review,"  and  thus,  the

20 dismissal of the First Petition action "constitutes a disposition on the

21 merits" for purposes of Section 2244(b).  <u>McNabb</u>, 576 F.3d at 1030

22 (citation omitted).  The present Petition, thus, is second or successive

23 within the meaning of Section 2244(b).  *See id.* (holding "that dismissal

24 of a section 2254 habeas petition for failure to comply with the statute

25 of limitations renders subsequent petitions second or successive for

26 purposes of" Section 2244(b)); *in accord* <u>Murray v. Greiner</u>, 394 F.3d 78,

27 79 (2d Cir. 2005); <u>Altman v. Benik</u>, 337 F.3d 764, 766 (7th Cir. 2003).

28

1    Critically, Petitioner has not obtained permission from the Ninth

2  Circuit to bring this second or successive Petition, as required by

3  Section 2244(b)(3).[2]  Permission to file a second or successive petition

4  may be granted only if Petitioner makes a *prima facie* showing that:  (1)

5  the claim relies on a new, and previously unavailable, rule of

6  constitutional law, which the Supreme Court has ordered be made

7  retroactive to collateral proceedings; or (2) the factual predicate of

8  the claim could not have been discovered earlier through the exercise of

9  due diligence, and the facts alleged, if proven, would be sufficient to

10  establish by clear and convincing evidence that, but for the

11  constitutional error claimed, no reasonable fact-finder would have found

12  Petitioner guilty.  *See* 28 U.S.C. § 2244(b)(2)(A)(B) and (3)(C); McNabb,

13  576 F.3d at 1030.  To pursue a Section 2254 habeas action attacking his

14  1992 Conviction, Petitioner must persuade the Ninth Circuit that at

15  least one these predicates exists for any claim he now wishes to raise.

16  Based on the nature of the claims alleged in the Petition, it is

17  difficult to see how Petitioner will be able to satisfy Section

18  2244(b)'s requirements.[3]

19

20    As Petitioner has not obtained permission from the Ninth Circuit to

21  bring a second or successive petition, the instant Petition must be

22

23    [2]    The Ninth Circuit's electronic dockets available through the
   PACER system show that Petitioner has **not** filed any Section 2244(b)
24  application.

25    [3]    The Court notes that, given the untimeliness of the First
   Petition action, the instant Petition also likely would be found
26  untimely if the Court had jurisdiction to consider it.

27    In addition, Petitioner admits that he has not raised the
   Petition's claims in the California Supreme Court.  (Petition at 7.)
28  Thus, even if the Petition were not second or successive, its dismissal
   would be required for lack of exhaustion.

1 | dismissed, because this Court lacks jurisdiction to consider it.  28
2 | U.S.C. § 2244(b); *see also* <u>Burton</u>, 549 U.S. at 157, 127 S. Ct. at 799
3 | (district court lacks jurisdiction to consider the merits of a second or
4 | successive petition absent prior authorization from the circuit court).
5 | Accordingly, IT IS ORDERED that Judgment be entered dismissing this
6 | action without prejudice.
7 |
8 |      In addition, pursuant to Rule 11(a) of the Rules Governing Section
9 | 2254 Cases in the United States District Courts, the Court has
10 | considered whether a certificate of appealability is warranted in this
11 | case.  *See* 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-
12 | 85, 120 S. Ct. 1595, 1604 (2000).  The Court concludes that a
13 | certificate of appealability is unwarranted, and thus, a certificate of
14 | appealability is DENIED.
15 |
16 |      IT IS SO ORDERED.
17 |
18 | DATED:  October 6, 2010 .
19 |
20 |
21 |                                   MARGARET M. MORROW
                                    UNITED STATES DISTRICT JUDGE
22 |
23 | PRESENTED BY:
24 |
25 |
       MARGARET A. NAGLE
26 | UNITED STATES MAGISTRATE JUDGE
27 |
28 |